UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ATSALIS BROTHERS PAINTING
COMPANY,

    Plaintiff/Counter-Defendant,        Case No. 15-12054
                                                    Honorable Victoria A. Roberts
v.

CARBOLINE COMPANY,

    Defendant/Counter-Plaintiff.
_____/

**ORDER: (1) DENYING DEFENDANT'S RENEWED
MOTION FOR JUDGMENT AS A MATTER OF LAW [Docs. 85, 87];
(2) DENYING PLAINTIFF'S MOTION FOR NEW TRIAL OR REMITTITUR ON
COUNTERCLAIM [Doc. 90]; AND (3) GRANTING BOTH PARTIES' MOTIONS
TO AMEND JUDGMENT TO INCLUDE PREJUDGMENT INTEREST [Docs. 89, 91]**

**I.    INTRODUCTION**

Plaintiff/Counter-Defendant Atsalis Brothers Painting Company ("Atsalis") filed this suit in June 2015 alleging, *inter alia*, breach of contract and breach of contractual warranty against Defendant/Counter-Plaintiff Carboline Company ("Carboline"). Carboline filed a counterclaim for breach of contract related to unpaid invoices.

On April 24, 2017, the case proceeded to a jury trial. Atsalis rested its case in chief on May 2. Before proceeding with its case in chief, Carboline orally moved for judgment as a matter of law on Atsalis's claims. The Court denied Carboline's motion.

On May 5, 2017, the jury returned its verdict, finding that Carboline and Atsalis both breached their agreement. The jury awarded Atsalis $2,825,791.81 for Carboline's breach, and awarded Carboline $545,000 for Atsalis's breach. The Court entered judgment in accordance with the jury's verdict on May 12, 2017.

The following motions are before the Court: (1) Carboline's Renewed Motion for Judgment as a Matter of Law [Docs. 85, 87]; (2) Atsalis's Motion for New Trial or Remittitur on Counterclaim [Doc. 90]; (3) Atsalis's Motion to Amend Judgment to Include Prejudgment Interest [Doc. 89]; and (4) Carboline's Motion to Amend Judgment to Include Prejudgment Interest [Doc. 91].

As set forth below, the Court: (1) **DENIES** Carboline's Renewed Motion for Judgment as a Matter of Law; (2) **DENIES** Atsalis's Motion for New Trial or Remittitur on Counterclaim; and (3) **GRANTS** both Motions to Amend Judgment to Include Prejudgment Interest.

## II. DISCUSSION

### A. Carboline's Renewed Motion for Judgment as a Matter of Law

Under Rule 50(a)(1), the Court may grant judgment as a matter of law on an issue if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). If denied, a movant may renew its motion for judgment as a matter of law after entry of judgment under Rule 50(b). In diversity cases, the Court "applies the forum state's substantive standard for determining when judgment as a matter of law is appropriate." *Caterpillar Inc. v. R & R Steel Const. Co.*, No. 2:10-cv-21, 2012 WL 3811794, at *1 (W.D. Mich. Sept. 4, 2012).

"In Michigan, for a party to be entitled to judgment as a matter of law after an adverse jury verdict, the evidence, when viewed in the light most favorable to the non-moving party, must fail to establish a claim as a matter of law." *Id.* Thus, judgment as a matter of law is appropriate only when the evidence shows "there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion, in

2

favor of the moving party." *Noble v. Brinker Int'l, Inc.*, 391 F.3d 715, 720 (6th Cir. 2004) (citation omitted); *see also Reeser v. Henry Ford Health Sys.*, No. 14-cv-11916, 2016 WL 4386119, at *1 (E.D. Mich. Aug. 17, 2016) ("If reasonable jurors could have honestly reached different conclusions, the jury's verdict must stand." (citation omitted)).

Carboline argues it is entitled to judgment as a matter of law because: (1) Atsalis failed to establish the elements of a breach of contract under Michigan law; (2) Atsalis's alleged damages are speculative and not recoverable under Michigan law; and (3) a limitation-of-liability provision barred Atsalis from recovering monetary damages.

### 1. Carboline is Not Entitled to Judgment as a Matter of Law on Atsalis's Breach of Contract Claim

In arguing that Atsalis failed to establish the elements for breach of contract, Carboline says Atsalis failed to present any evidence that: (1) the alleged defective product, Carboguard 888, did not conform to Carboline quality control or failed to perform in accordance with the Product Data Sheet ("PDS"); and (2) a nonconformity or a failure of performance proximately caused its alleged damages. The Court disagrees.

Atsalis introduced evidence showing that it applied Carboguard 888 in accordance with the conditions set forth in the PDS, but amine blush still occurred. In support of its position that Carboguard 888 failed despite its compliance with the conditions in the PDS, Atsalis presented extensive evidence from Carboline's internal records demonstrating that Carboguard 888 was known to cause amine blush – especially in the Northeast, where Atsalis's projects were located – and that it directed its sales force to stop selling the product for bridgework due to the blush problems.

Carboline disputes the cause of the amine blush. However, based on the foregoing evidence, and the record as a whole, Atsalis presented sufficient evidence to

3

create a genuine issue of material fact regarding the cause of the amine blush. The Court must "view the evidence and all legitimate inferences in the light most favorable to the nonmoving party." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (citation omitted). Viewing the evidence and drawing all reasonable inferences in the light most favorable to Atsalis, the Court finds that a reasonable juror could have concluded that Atsalis established a breach of contract or contractual warranty.

In an attempt to avoid this deferential standard and circumvent the jury's role to weigh the evidence, Carboline discounts the majority of Atsalis's evidence and attempts to show it is entitled to judgment as a matter of law by attacking the testimony of Atsalis's expert witness. Carboline contends that because Carboguard 888 is a complex product, "determining the root cause of the failures experienced by Atsalis is a complicated and technical inquiry . . . [that is] beyond the ability of a layperson to evaluate without expert testimony."

The Court disagrees. Considering the record as a whole, the Court finds that expert testimony was not necessary to support the jury's verdict.

This is especially true when considering that Carboline itself did not know the exact reason Carboguard 888 experienced amine blush. *See* [Doc. 92-1, PgID 2694-95 (Carboline representative stating: "I believe that the Carboguard 888 had issues and application issues and different parameters that weren't quite understood by anyone. . . In some cases the Carboguard 888 worked fine. In some cases [it] had . . . obvious signs of amine blush. It didn't correlate to temperature. There was no way that you could put your finger on it to indicate what was going on. . . . [T]here were numerous

4

things that were tried to alleviate it . . . but . . . it wasn't 100 percent duplicable that if you do this you get X results.")].

Moreover, the evidence demonstrated that Carboguard 888 even experienced amine blush in instances where Carboline representatives prepared and applied the product in accordance with the conditions outlined in the PDS. [*See id.*, PgID 2695-96].

Viewing the evidence and all reasonable inferences in the light most favorable to Atsalis, the Court finds that Atsalis presented sufficient evidence to allow the jury to reasonably conclude by a preponderance of the evidence that Carboguard 888 failed to perform in accordance with the PDS, and but for that failure, Atsalis would not have sustained damages in the amount awarded.

### 2. Carboline Fails to Show the Jury's Award of Damages Should be Overturned

Carboline next argues that it is entitled to judgment overturning the award of damages because Atsalis failed to present evidence establishing the fact of damages and failed to provide a reasonable basis for computing its alleged damages. Carboline says Atsalis's alleged damages are based on a "mishmash of differing and inconsistent approaches," and constitute pure speculation and conjecture.

Under Michigan law, "[a] party asserting a claim has the burden of proving its damages with reasonable certainty." *Ensink v. Mecosta Cty. Gen. Hosp.*, 262 Mich. App. 518, 525 (2004) (citation and quotation marks omitted). "[D]amages that are speculative or based on conjecture are not recoverable." *Chelsea Inv. Grp. LLC v. Chelsea*, 288 Mich. App. 239, 255 (2010) (citation omitted). "Damages, however, are not speculative simply because they cannot be ascertained with mathematical precision. . . . Although the result may only be an approximation, it is sufficient if a reasonable

5

basis for computation exists." *Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.*, 268 Mich. App. 83, 96 (2005).

Instructions were given to the jury regarding Atsalis's burden to prove all elements of its claim, including damages, by a preponderance of the evidence. Atsalis submitted evidence during trial of different types of damages, and it requested an award of damages significantly greater than the amount the jury ultimately awarded.

Carboline now attempts to undermine the jury's finding on the totality of the evidence. But Carboline's argument consists of nothing beyond conclusory statements that Atsalis's damages are speculative. Carboline fails to demonstrate that the particular evidence Atsalis introduced at trial regarding damages was speculative, and it fails to establish that the award of damages is not supported by evidence.

Based on the Court's observation, although Atsalis may not have presented its damages with mathematical precision, it presented a reasonable basis for computing an approximation of its damages. This is sufficient. *Id.* ("[W]hen the nature of a case permits only an estimation of damages or a part of the damages with certainty, it is proper to place before the jury all the facts and circumstances which have a tendency to show their probable amount." (citation omitted)). Moreover, because the jury necessarily determined that Atsalis established the fact of damages, the certainty requirement is relaxed. *See id.* ("[T]he certainty requirement is relaxed where damages have been established but the amount of damages remains an open question.").

Atsalis presented sufficient evidence to establish damages. Moreover, the Court finds that the jury's award of damages to Atsalis is well-supported and should not be overturned.

### 3. Carboline's Limitation-of-Liability Provision Does Not Bar Atsalis from Recovering Monetary Damages

Carboline's final contention is that a limitation-of-liability provision in its PDS bars Atsalis from recovering monetary damages; it says that provision limits Atsalis's recovery to replacement products.

The Court previously decided this issue when ruling on Carboline's motion *in limine*, finding that the limitation-of-liability provision is unconscionable as a matter of law. Under the law-of-the-case doctrine, "findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002). Carboline fails to establish any reason for the Court to reconsider or overturn its prior ruling on this matter. The limitation-of-liability provision in Carboline's PDS is unenforceable, as previously held.

Rather than restate its previous finding, the Court incorporates that finding in full here, and also incorporates the reasoning and law set forth on this issue in Atsalis's response brief, [*see* Doc. 92].

Carboline's Renewed Motion for Judgment as a Matter of Law is DENIED.

### B. Atsalis's Motion for New Trial or Remittitur on Counterclaim

On June 9, 2017, Atsalis filed its motion for new trial or remittitur on counterclaim pursuant to Fed. R. Civ. P. 59. Atsalis's sole basis for a new trial or remittitur is that the verdict is inconsistent. Specifically, Atsalis says the jury's conclusion that it breached its contract with Carboline by failing to pay for the defective Carboguard 888 is inconsistent with the finding that Carboline breached the contract by providing the defective product.

Carboline argues that Atsalis's motion must be denied because Atsalis waived any objection related to an allegedly inconsistent verdict by failing to raise the objection before the jury was discharged. The Court agrees.

A party seeking to challenge a jury's verdict as inconsistent must raise an objection/file a motion under Fed. R. Civ. P. 49(b). *See Nolfi v. Ohio Kentucky Oil Corp.*, 675 F.3d 538, 552 (6th Cir. 2012) ("Our precedent requires a party to bring a Rule 49(b) motion when there is an inconsistency [in a jury verdict]."). The party "must make its Rule 49(b) objection prior to the district court discharging the jury." *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 618 (6th Cir. 2007). "A party that fails to do so has waived its right to object [to the alleged inconsistency]." *Nolfi*, 675 F.3d at 552.

Because Atsalis failed to object to the alleged inconsistent verdict until after the jury was discharged, it waived its right to object. *See id.* (holding that the district court properly denied plaintiff's Rule 59 motion, which was based on an inconsistent jury verdict, because he failed to object to the inconsistency until after the jury was discharged); *Special Learning, Inc. v. Step by Step Acad., Inc.*, No. 16-3835, 2017 WL 3822952, at *3-*4 (6th Cir. Sept. 1, 2017) (affirming district court's denial of Rule 59 motion, and concluding that, "by not objecting under Rule 49(b) before the jury was discharged, [plaintiff] waived the right to challenge [the verdict's] alleged inconsistency in a post-trial motion"). Atsalis's Rule 59 motion is DENIED. *See id.*

### C. Motions to Amend Judgment to Include Prejudgment Interest

Atsalis and Carboline each move to amend the judgment to include prejudgment interest under Fed. R. Civ. P. 59(e).

8

Although both parties maintain their arguments set forth in their separate motions addressed above, they agree that Michigan law governs the prejudgment interest determination, and agree that prejudgment interest should be added to any judgment remaining after resolution of their separate motions.

Under the applicable Michigan law, an award of prejudgment interest is mandatory. *See Perceptron, Inc. v. Sensor Adaptive Mach., Inc.*, 221 F.3d 913, 922 (6th Cir. 2000) (citing Mich. Comp. Laws § 600.6013); *see also Baum Research and Dev. Co., Inc. v. Univ. of Mass. at Lowell*, No. 02-cv-674, 2009 WL 4646992, at *2 (W.D. Mich. Dec. 7, 2009).

Accordingly, the Court **GRANTS** each party's motion to amend judgment to include prejudgment interest. [Docs. 89, 91].

Using the process set forth in M.C.L. § 600.6013(8), Atsalis calculated the prejudgment interest on its award of damages as $136,215.01, for a total award of $2,960,006.82. Carboline does not dispute this amount.

Carboline did not calculate the amount of prejudgment interest it is entitled to under M.C.L. § 600.6013(8).

### III. CONCLUSION

For the reasons set forth above, the Court: (1) **DENIES** Carboline's Renewed Motion for Judgment as a Matter of Law [Docs. 85, 87]; (2) **DENIES** Atsalis's Motion for New Trial or Remittitur on Counterclaim [Doc. 90]; and (3) **GRANTS** each party's Motion to Amend Judgment to Include Prejudgment Interest [Docs. 89, 91].

The Court will enter an Amended Judgment reflecting the inclusion of prejudgment interest once it receives the interest-inclusive figure for Carboline's

judgment. Carboline's counsel must confer with counsel for Atsalis to calculate the prejudgment interest on Carboline's award of damages. By **December 15, 2017**, the parties must file a notice/stipulation setting forth the amount of prejudgment interest Carboline is entitled to. If counsel cannot agree on the amount of interest, the filing must set forth each party's position.

    **IT IS ORDERED**.

S/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated: December 8, 2017